1  B. SCOTT SILVERMAN
   MORRISON & FOERSTER LLP
2  555 West Fifth Street
   Suite 3500
3  Los Angeles, California  90013-1024
   Telephone: (213) 892-5200
4
   Attorneys for Defendant
5  MERCED TRANSPORTATION COMPANY

6  ROBERT BONSALL
   JASON RABINOWITZ
7  BEESON, TAYER & BODI
   1001 6th Street, Suite 500
8  Sacramento, California 9451 -322
   Telephone: (916) 441-2196
9
   Attorneys for Plaintiffs
10 RICHARD NEWELL et al.

**FILED**

APR 10 2000

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

CLOSED

DATE: 2.4.00

☐ CR: JS3

☒ CV: JS6

BY:

13

14            UNITED STATES DISTRICT COURT

15            EASTERN DISTRICT OF CALIFORNIA

16 RICHARD NEWELL, LISA CASCIA, FRED      No.    CIV-F-98-5557 OWW DLB
   ADKISON, RODNEY TROOP, JAMES
17 MACKEY, RICHARD D. REAM, MICHAEL
   STEWART, DONALD PETERMAN, JUDITH      STIPULATION AND REQUEST FOR
18 BERNARD, BUFORD GLASS, GARY           COURT APPROVAL OF SETTLEMENT
   PEARSON, and all other persons similarly
19 situated,

20                    Plaintiffs,

21      v.

22 MERCED TRANSPORTATION COMPANY,

23                    Defendant.

24

25      The parties, by and through their counsel, hereby stipulate to and request approval by this

26 Court of settlement of this action as follows:

27

28



Stipulation for Settlement                    1
la-341297

IMPORTANT LEGAL NOTICE TO ALL FORMER AND CURRENT BUS DRIVERS
EMPLOYED AT MERCED TRANSPORTATION FROM MAY 21, 1995 TO THE
PRESENT.

A class action law suit has been filed on your behalf entitled Newell, et al. v.

Merced Transportation Company, now pending in the United States District Court,

Eastern District of California, No. CIV-F-98-5557 OWW DLB.  Plaintiffs in this action

have claimed that Merced Transportation Company has failed to pay wages allegedly due

bus drivers for time spent in training from May 21, 1995 to the present.  Merced

Transportation Company has denied that it owes wages to the plaintiffs or class of bus

drivers Plaintiffs represent.  The plaintiffs now propose to settle that action.  Your rights

will be affected.  Please read the rest of this notice to see what you can do either to claim

part of the settlement or to oppose the settlement.

THE SETTLEMENT HEARING

A hearing will be held before the Honorable Oliver W. Wanger, United States

District Court Judge, at the United States Courthouse located at 1130 "O" Street, Fresno,

California, in Courtroom 2, on _____, 2000 to determine the fairness,

reasonableness and adequacy of the agreement of settlement provided for in the

Stipulation and Request for Court Approval of Settlement.

This notice is being sent to you in the belief that you are a plaintiff or member of

the class of plaintiffs whose rights are affected by this litigation.  This notice is not an

expression of any opinion by this Court regarding the merits of any of the claims or

defenses asserted by either side in this litigation, but is sent for the sole purpose of

informing you of the pendency of this litigation so that you can make decisions about

steps you wish to take in relation to this lawsuit.

BACKGROUND AND DESCRIPTION OF THE ACTION

The action against Merced Transportation Company was filed on May 21, 1998 alleging federal and state wage and hour violations.  The plaintiffs alleged, in summary, that Merced Transportation Company failed to pay employees for time spent in in-service training, medical examinations, CPR and first aid training and drug testing.  Plaintiffs contend that these alleged practices violated state and federal wage and hour laws.

Merced Transportation Company denies any wrongdoing and asserts various defenses.  Specifically, Merced Transportation Company alleges that it is not required to pay employees for time spent in training or medical examinations which is required by law as a condition of a bus drivers' license or certification.  Merced Transportation Company also alleges that at all times it has paid employees for time spent in drug testing.

THE STIPULATION FOR SETTLEMENT

The parties have reached a proposed settlement, the details of which are set forth in a Stipulation and Request for Court Approval of Settlement ("Settlement").

Plaintiffs' counsel have investigated the facts involved in the action and have conducted discovery proceedings (including interviews of parties and review of numerous documents relating to the allegations in the Complaint).  Plaintiffs' counsel have concluded that, taking into account the risks involved in establishing a right to recovery on behalf of the named plaintiffs and the class they represent against the defendants, and the likelihood that this litigation will be further protracted and expensive, it would be in the best interests of the class to settle this action upon the terms and

conditions set forth in the Settlement.  Plaintiffs' counsel have determined that such terms

are fair, adequate, and reasonable.

Similarly, Merced Transportation Company, while denying any wrongdoing or

liability, desires to settle this action n order to avoid the burden, expense, inconvenience,

distraction, and uncertainty of further litigation in this action, and to put to rest all

controversy concerning all claims which have been asserted in the action.

The principle terms and conditions of the Settlement are summarized below.  This

is only a summary of the terms of the proposed Settlement.  The actual proposed

Settlement and attached exhibits set forth the precise settlement terms.  These are

available for inspection in the offices of Merced Transportation Company, at the offices

of Plaintiffs' attorneys, the firm of Beeson, Tayer & Bodine, and in the Clerk's Office for

the United States District Court, Eastern District of California, located in Fresno,

California.

THE SETTLEMENT DESCRIBED IN THIS NOTICE IS SUBJECT TO COURT
APPROVAL.  THE COURT HAS NOT YET CONSIDERED THE FAIRNESS OR
ADEQUACY OF THE PROPOSED SETTLEMENT.  THE COURT WILL NOT RULE
ON THE PROPOSED SETTLEMENT UNTIL THE HEARING SCHEDULED IN THIS
NOTICE.

THE SETTLEMENT TERMS

A.    Letter Agreement Between Merced Transportation Company
      and Teamsters Local 228

The Settlement provides for a letter agreement between Teamsters Local 228 and

Merced Transportation Company in which Merced Transportation Company agrees to

pay bus drivers for training time in excess of ten hours in a school year and up to 12

hours in a school year.  In addition, the Company will pay for time spent by a bus driver

up to two hours for a physical examination required for a bus driver and a medical

certificate. Finally, Merced Transportation Company will continue the practice of paying for time spent drug testing and will pay additional time in the event that, through no fault of an employee, the employee spends time in excess of the customary 30 minutes engaged in drug testing.

B. Back Wages

The Settlement provides for Merced Transportation Company to pay back wages to bus drivers for the school years commencing July 1, 1995 through June 30, 1999 for unpaid time spent by a bus driver within any school year in excess of ten hours and up to 12 hours in training, as documented in the Company's training records. Payment of back wages is conditioned upon execution by a bus driver of a Release Agreement.

C. Release and Non-Admission

All claims raised in the Complaint against Merced Transportation Company, its shareholders, officers, employees, successors or assigns, will be released and discharged. The Settlement further provides that the proposed settlement shall not be construed to be an admission by any of the parties to the action concerning the validity or invalidity of any of the claims asserted in the action, or an admission by Merced Transportation Company with respect to any liabilities for such claims, or any wrongdoing by them whatsoever.

D. Participation in the Class Settlement

All participating class members will be bound by any judgment entered in the action. If you were a bus driver employed by Merced Transportation Company from May 21, 1995 to the present, then you will be a participating class member unless you

specifically request to be excluded from the class by filing a written exclusion request with the Court.

E.  Attorneys' Fees and Expenses

The Settlement also provides that if the Consent Decree is approved by the Court, Merced Transportation Company will pay Plaintiffs' attorneys $30,000.00 in full satisfaction of any claims for attorneys' fees or expenses of litigation for this entire matter.

YOU WILL NOT BE REQUIRED TO PAY ATTORNEYS' FEES OR COURT COSTS AS A CONDITION FOR RECEIVING SETTLEMENT BENEFITS.

F.  Court Approval

The Settlement must be approved by the Court as a condition to being valid and implemented.

APPROVAL HEARING AND RIGHT TO OBJECT

On _____, 2000, the Court will conduct a hearing for purposes of determining whether to finally approve the settlement.  If you object to the settlement or any terms of it, or if you wish to be heard, you may appear in person or by your attorney at the hearing and present any evidence or argument that may be proper and relevant. However, you will lost the right to be heard and your papers, briefs, pleadings or other documents will not be considered by the Court, unless no later than ten (10) days prior to the hearing you file with the United States District Court and, on or before such filing, serve upon:

> Jason Rabinowitz, Esq.
> Beeson, Tayer & Bodine
> A Professional Corporation
> 1001 6th Street, Suite 500

la-341887

Sacramento, CA  95814-3324

and

B. Scott Silverman, Esq.
Morrison & Foerster, LLP
555 W. Fifth Street, Suite 3500
Los Angeles, CA  90013-1024

(1) a notice of intention to appear; (2) a statement of your objections to any matter before the Court; and (3) a statement of the grounds or reasons you want to appear and to be heard, as well as all documents or writings which you want the Court to consider.

Unless the Court otherwise directs, you will not be entitled to object to the approval of the proposed Consent Decree, the settlement, the proposed judgment, the class action determination, and you will not be allowed to be heard, except by serving and filing written objections as described above.  If you fail to object in the manner prescribed above, you will be deemed to have waived your objections and you will be barred from raising your objections on any matters which are the subject of this lawsuit in this or any other action or proceeding.

EXCLUSION FROM THE SETTLEMENT

You may request exclusion from the settlement.  If you do so, you may not claim back wages, but your rights will not be affected by the action or the settlement.  If you exclude yourself from the class, you will be free to pursue whatever legal rights you may have.  To request exclusion, complete the enclosed Exclusion Request and sign and return it to Plaintiffs' attorney, Jason Rabinowitz.  To be effective, the completed Exclusion Request must be postmarked or delivered to Jason Rabinowitz, Esq., Beeson,

XII.   Jurisdiction Retained

The Court shall retain jurisdiction over this action to enforce the terms of this Settlement.

For the Defendant

Dated: Dec - 28, 1999

B. SCOTT SILVERMAN
MORRISON & FOERSTER LLP

By: _____
B. Scott Silverman
Attorneys for Defendant

For Plaintiffs

Dated: 1/4, 2000 ~~1999~~

ROBERT BONSALL
JASON RABINOWITZ
BEESON, TAYER & BODINE

By: _____
Jason Rabinowitz
Attorneys for Plaintiffs

IT IS HEREBY ORDERED that the Settlement set forth above is approved, subject to the hearing on settlement

Dated: 4-10, 2000 1999 oww _____
Honorable Oliver W. Wanger,
United States District Judge

Tayer & Bodine, A Professional Corporation, 1001 6th Street, Suite 500, Sacramento, CA 95814-3324 no later than _____, 2000.

## RECEIPT OF BACK WAGES

If you are eligible for back wages pursuant to the Settlement, a Release Agreement has been included with this Notice. That Release Agreement sets forth the amount of back wages to which you are entitled under the Settlement. As a condition of receiving back wages under the Settlement, you must sign the Release Agreement and return it to Susan Moschkau, Human Resources Director of defendant Merced Transportation Company, or mail it to B. Scott Silverman, Morrison & Foerster, LLP, 555 West Fifth Street, Suite 3500, Los Angeles, CA 90013-1024, attorney for defendant Merced Transportation Company, no later than _____, 2000.

## SCOPE OF THIS NOTICE

The above is only a short summary of the proposed settlement of this litigation. Further details are contained in the proposed Settlement and other documents filed in this action with the United States District Court. These documents may be examined by you or your attorney during regular business hours of each business day at the Clerk's Office, United States District Court, Eastern District of California, 1130 "O" Street, Room 5000, Fresno, California.

## REQUEST TO BE EXCLUDED FROM SETTLEMENT

Newell, et al. v. Merced Transportation Company
Case No. CIV-F-98-5557 OWW DLB
United States District Court, Eastern District of California,

  I, _____, request to be excluded from the settlement in Newell, et al. v. Merced Transportation Company, Case No. CIV-F-98-5557-OWW DLB, United States District Court, Eastern District of California.

Name  _____

Address _____

     _____

     _____

Dates of employment with Merced Transportation Company _____

  I understand that for this exclusion request to be effective, I must sign and return it to Jason Rabinowitz, Beeson, Tayer & Bodine, a Professional Corporation, 1001 6th Street, Suite 500, Sacramento, CA  95814-3324 no later than _____, 2000.  I also understand that by signing this exclusion request, I am not entitled to any back wages under the Settlement.

DATED: _____  _____
               Signature

la-341856

## RELEASE AGREEMENT

In consideration for the commitments set forth below, MERCED TRANSPORTATION COMPANY (hereinafter "MTC") and _____ (herein after "Employee") agree as follows:

1. Employee agrees to participate as a [named plaintiff / opt-in plaintiff / class member] in the settlement of claims asserted in <u>Richard Newell, et al.</u> v. <u>Merced Transportation Company</u>, No. CIV-F-98-5557 OWW DLB, pending in the United States District Court, Eastern District of California, in accordance with the terms of the Stipulation and Request for Court Approval of Settlement filed in that action on _____, 1999 (hereinafter "Settlement").

2. Employee further agrees to and hereby does release MTC and its past, present and future shareholders, owners, officers, directors, employees, agents, successors, and assigns from any and all claims for unpaid wages, overtime pay, liquidated damages, penalties, costs or attorneys' fees, whether based on federal or state law, relating in any way to Employee's employment with MTC between May 21, 1995 and the present.

3. In exchange for Employee's promises and agreements set forth in this Release, MTC agrees to pay employ the gross sum of _____ dollars and _____ cents ($_____), less applicable tax withholding. Payment of the this amount is subject to the condition that the Court enter an order giving final approval to the Settlement. Payment will be made within thirty (30) days after Employee delivers this release to MTC or its attorney or the Court enters an order giving final approval to the Settlement, whichever is later.

4. It is understood and agreed that this Release Agreement and the Settlement to which it refers represent a compromise of disputed claims and that MTC does not admit, and has specifically denied, liability for any of the claims asserted in <u>Richard Newell, et. al.</u> v. <u>Merced Transportation Company</u>, No. CIV-F-98-5557 OWW DLB. This Release Agreement and Settlement are being entered into in order to avoid continued uncertainty and legal expenses relating to the claims asserted in that lawsuit and may not be used at any time as a concession or admission of liability by either party.

5.   Employee acknowledges reading this Release Agreement and all other notices received by the Employee relating to the Settlement and the Employee's rights thereunder.  Employee further acknowledges an opportunity to consult Plaintiffs' attorney or an attorney of Employee's own choosing regarding the terms of this Release Agreement and the Settlement.  Finally, Employee acknowledges that this Release Agreement has been signed voluntarily, without coercion, and based upon Employee's own judgment and not based upon any representations or promises made by MTC, other than those contained herein.

Date: _____

_____ (Signature)

_____ (Print or Type Name)

Date: _____

MERCED TRANSPORTATION COMPANY

By: _____

Its: _____

# MERCED TRANSPORTATION COMPANY

**300 GROGAN AVENUE**                              **MERCED, CALIFORNIA 95340**

14 December 1999

George Minori, Business Agent
Teamsters Local 228
4600 47th Avenue, Ste. 205
Sacramento, CA 95824

Dear Mr. Minori:

This letter will confirm the agreement of Merced Transportation Company (MTC) and Teamsters Local 228 to amend the parties' Collective Bargaining Agreement that is effective August 28, 1997 to August 27, 2000 as follows:

1.    MTC will pay an employee for time spent by the employee in in-service training provided by MTC in excess of ten (10) unpaid hours in each school year up to a maximum of twelve (12) hours pay.  For purposes of this provision, a school year shall be from July 1 to June 30.  Time paid pursuant to this provision shall be paid at straight time rates.

2.    Time spent by employees attending first aid or CPR classes provided by MTC will be treated as in-service training and paid or not paid in accordance with paragraph 1 of this letter agreement.

3.    One time each school year employees will be notified as follows:

   a.    Of requirements for in-service training;

   b.    That taking in-service training provided by MTC is voluntary and that an employee can take training which will be credited towards the employee's in-service training requirements from providers other than MTC; that MTC will not reimburse employees for the cost of training taken from providers other than MTC; and, that MTC will not pay employees for any time spent in training not provided by MTC; and,

   c.    Of the requirements for CPR and first aid proficiency; that, as applicable, such requirements can be satisfied by successfully taking examinations without attending training provided by MTC; that such training provided by MTC is voluntary, and will by paid or unpaid in accordance with paragraph 1 of this letter; that such training taken from providers other than MTC will not be reimbursed by MTC; and, that time spent in training by providers other than MTC will not be paid by MTC.

4.    MTC will continue its practice of paying an employee 30 minutes for each occasion on which the employee is required to and does submit to random drug testing.  MTC will implement a procedure for attempting to control the amount of time spent by employees in random drug testing with the goal of limiting that time to 30 minutes and will pay employees for additional time spent in drug testing which is outside the employee's control as verified by the testing organization.

5.    MTC will pay employees time spent in medical examinations required by the United States Department of Transportation regulations, provided the medical examination is performed by a physician or clinic specified by MTC.

6.    MTC will not pay for time spent by individuals in training provided by MTC, drug testing, and physical examination which are a condition of initial hire.


Very truly yours,

Curtis Riggs
President
Merced Transportation Company



AGREED:


George Minori
Business Agent
Teamster Local 228

# MTC Employees
# May 1995 to Present

**NAME**

Adams, Jolyn
Adkison, Fred
Akers, Paula
Andrada, Elias
Arias, Robert
Armas, Armando
Auldridge, Lonnie
Baker, Raymond    - 13c
Banda, Joseph
Becker, James
Belcher, Jackie    - 13c
Benavidez, Diana
Bera, Kathryn
Bernard, Judith
Biederman, Ralph
Blanton, William
Bowden, Blanca
Broughton, Charles
Brumfield, Dorman
Bryant, Geraldine
Burrola, Cheriese
Cascia, Lisa
Checa, Simon
Choate, Jerry
Cienfuegos, Juan
Cleveland-Miller, Sandra
Cole, Karen
Cortez, Virginia
Counts, Clarence
Cox, JoAnn
Dawson, Riley
Deans, Jean
Douthit, Joseph
Downs, Vivian
Echols, Doreen
Elliot, Isle
Esquibel, Lorraine
Faust, Barbara
Flores, Juanita
Flores, Kelli
Flores, Ruben
Foutz, Belinda
Gantzer, Lorraine

# MTC Employees
## May 1995 to Present

Garza, Teresa
Garza, Yolanda
Gibson, Leonard
Glass, Buford
Gonzales, Annette
Hall, Eunice
Hallmon, Garion
Hamilton, Kregg
Hamlin, Jack
Harris, Rhonda
Hinson, Kurtis
Holdcraft, Patsy
Holderman, Richard
Holmes, Mary
Hunt, Rose
Hurtado, Kathleen
Jenkins, Oral
Johnson, Alfred

Johnson-Silence, Adrienne
Jones, Mary   - 13c
Kaminskey, Levi
Lewis, Antoinette
Lewis, Patricia
Lopez, Katherine
Luna, Mercedes
Lutz, John
Macedo, Alice
Macedo, Diana
Mackey Jr., James C.   - 13c
Madrid, Sophia
Main, Michael
Mares, Monica
Martinez, Hilda
Meza, Michele
Miranda, Lily
Mullen, Charles
Navarro, Andrea
Navarro, Katheryn
Navarro, Larry
Newell, Richard   - 13c
Numa, Richard
Obrey, Anne
Pearson, Gary

# MTC Employees
# May 1995 to Present

Peterman, Donald
Phillips-Smith, Phyllis
Plagenza, Pamela
Rahnenfuhrer, Catherine
Ratley, Marla
Ream, Richard
Reyna, Carolyn
Reynoso, Francisca
Rich, Cynthia
Richardson, Virginia
Rios, Patricia
Rivera, Anna
Robison, Nila
Rorabaugh, Tony
Rucker, Ike
Ruiz, Manual
Sanchez, Jose
Santos, Linda
Schmidt, Cynthia
Schoonover, Tom
Seals, Elinor
Silence, William
Singh, Hilda   - 13c
Soehnen, Rainer
Sorenson, Janice
Spelman, Cheramy
Spoeneman, William
Standingcloud-DeCerbo, Dawn
Stewart, Michael
Tamez, Leanna
Tate, Patricia
Tatum, Trisha
Thoa, Shoua
Toves, Margie
Troop, Rodney
Turrey, James
Varner, Omar
Villanueva, Cynthia
Villegas, Sylvia
Vindel, Juan
Walker, Patricia
Welker, Linda
Whitley, Fred
Willmon, Asa

# MTC Employees
# May 1995 to Present

Wilson, Alice
Wilson, Gregory   - 13c
Woods, Helen
Yapit, Felipe
Zuniga, Rosa

1    I.    Procedural History of the Case

2         This action was filed in federal district court, the Eastern District of California, on

3    May 21, 1998.  Plaintiffs are or were formerly employed by Defendant as bus drivers.  The

4    complaint alleges claims for relief based on alleged violations of federal and state wage and hours

5    laws.  Under these claims Plaintiffs sought payment of wages for time spent in training, medical

6    examinations and drug testing.

7         At a hearing on June 21, 1999 on Plaintiffs' Motion for Class Certification and Approval

8    of Class Notice, the Court ordered the parties to meet and attempt to agree upon a form of notice

9    to be sent to class members.  Discussions between the parties on the issue of notice led to

10   discussions on settlement.  On October 7, 1999 a Settlement Conference was conducted before

11   Magistrate Judge Lawrence J. O'Neill, during which the parties tentatively agreed to a settlement

12   of all claims.

13        In order to avoid the additional costs and uncertainties of continued litigation of this

14   matter, and following discovery and negotiations, the parties have agreed to this Stipulation for

15   and Request for Court Approval of Settlement ("Settlement").  The agreement embodied in this

16   Settlement resolves all claims asserted in the Complaint from May 21, 1995 to the present.

17   Following tentative approval by the Court, the parties propose to send notice of this Settlement, in

18   the form provided herein, to all persons described in the class definition advising of the

19   Settlement, the opportunity to object, and the right to opt-out of the Settlement.  Following a

20   hearing by the Court with respect to any objections, and provided the Court issues its order of

21   final approval, the parties would complete implementation of the Settlement as described

22   hereafter.

23   II.   Class Definition

24        For purposes of settlement, the parties agree to the certification of a class described as

25   follows.  The class consists of all persons employed by Defendant as bus drivers between

26   May 21, 1995 and the present.  The names of each known class member are set forth in Exhibit A

27   to this Settlement.

28

Stipulation for Settlement                                2
la-341297

1    All class members will be covered by this Settlement and, unless a class member

2  specifically requests exclusion, will be bound by its terms.

3    III.    Non-Admission and Non-Determination

4    By entering into this Settlement, Defendant does not admit to any allegation in the

5  Complaint or to any wrong-doing or violation of law, rule or regulation.

6    IV.    Benefits To The Class

7        1.    Letter Agreement Between Defendant and Teamsters Local 228

8    Defendant agrees to enter into  the letter agreement attached hereto as Exhibit B.

9  Teamsters Local 228 is the union that, for purposes of collective bargaining with defendant,

10  represents employees in the positions in which class members are currently or were formerly

11  employed.  Plaintiffs' counsel are also counsel for Teamsters Local 228.

12        2.    Backpay

13    Defendant agrees to pay back wages to eligible class members, provided the class member

14  executes a release in the form attached as Exhibit C., calculated as follows:

15            a .    Eligibility for and the amount of back wages, if any, due shall be

16  calculated on a school year basis for each of the following school years:

17                July 1, 1995 - June 30, 1996

18                July 1, 1996 - June  30, 1997

19                July 1, 1997, - June 30 1998

20                July 1, 1998 - June 30 , 1999

21            b.    For each school year, defendant shall pay back wages for time, in

22  excess of ten (10) hours and up to a maximum of twelve (12) hours, for which the class member

23  has not previously been paid and which the employee spent during the school year in in-service

24  training . In-service training time for which the class member is eligible for back wages shall

25  include class room instruction, behind the wheel training, first aid training and CPR training.

26            c.    Defendant will pay a class member eligible for back wages

27  pursuant to b. above an additional sum equal to twenty-five percent (25%) of the amount of back

28  wages due pursuant to b.

1                 d.     Regardless of the school year for which a class member is eligible

2  for back wages, any back wages due pursuant to b. and c. above shall be paid at the class

3  member's wage rate in effect on October 7, 1999 or the class member's last date of employment

4  if the class member terminated before October 7, 1999.

5                 e.     For class members identified as 13(c) drivers on Exhibit A,

6  defendant will pay back wages for time spent by the class member in training for a transit bus

7  driving certificate.

8                 f.     For a class members who has had a medical examinations for the

9  purpose of renewing his or her United States Department of Transportation medical certification

10  within the school years specified in a. above, defendant  will pay the class member a sum equal to

11  wages for two hours work time for each such examination.

12      V.     Notice To Class Members and Settlement Hearing

13                1.     Within one week after the entry of an Order Tentatively Approving the

14  Proposed Settlement, defendant will mail, by United States mail, First Class postage prepaid, or

15  hand deliver a copy of the court-approved notice to each class member and, for those class

16  members eligible to receive back wages pursuant to the Settlement, a release.  Unless otherwise

17  ordered by the Court, the notice will be in the form set forth in Exhibit D.   The release will be in

18  the form set forth in Exhibit C

19                2.     Any class member identified in Exhibit A who has not requested exclusion

20  from the class may submit objections in writing by *March 3, 2000* [10 days prior to the

21  date of the Settlement Hearing].  Class members who have submitted such written objections may

22  appear at the Settlement Hearing.

23                3.     The Court shall conduct a hearing on _*March 13*_, *2000* 1999 [a date

24  not less than 30 days after mailing of notice to class members] for purposes of considering any

25  objections by class members and determining whether the Settlement should be given final

26  approval.

27

28

1    VI.    Exclusion From Class

2        Class members who opt out of the action will not be entitled to receive any back wages

3    and will not be bound by any judgment in this action entered by the Court.  To opt out of the

4    action, a class member must complete  the opt-out form clearly and unequivocally indicating a

5    desire to opt-out and returning the form to Plaintiffs' counsel, either delivered or postmarked

6    within 30 days of the date upon which the notice is mailed or hand delivered to the class member.

7    If a class member fails to return a form indicating a desire to be excluded from the class covered

8    by the Settlement within the 30 day time limit, the class member shall be bound by the terms of

9    the Settlement as approved by the Court.  Plaintiffs' counsel shall provide Defendant's counsel

10   with a copy of all forms requesting exclusion from the class within seven calendar days of receipt

11   by Plaintiffs' counsel.

12   VII.    Releases

13        To receive any back wages pursuant to this Settlement, an eligible class member must

14   execute and return to Defendant at its office or to Defendants' counsel a release in the form set

15   forth in Exhibit C.

16   VII.    Effect If Settlement Not Approved

17        If this Settlement is not approved by the Court, then no term or condition of this

18   Settlement or of the discussions, negotiations, documentation, or any other of the parties'

19   settlement discussions shall have any effect, nor shall any such matter be admissible in evidence

20   for any purpose in this lawsuit or any other proceeding.

21   IX.    Release and Covenant Not to Sue

22        In consideration of the covenants and agreements contained in this Settlement, named and

23   opt-in plaintiffs, on behalf of themselves and the class described in Section II, above, hereby

24   release, discharge, and agree to dismiss with prejudice any and all claims and rights against

25   defendant Merced Transportation Company and its past and present shareholders, owners, agents

26   officers, employees, successors and assigns that were or could have been alleged in the

27   Complaint, including but not limited to claims for wages, overtime pay, liquidated damages and

28   penalties for time spent in training, drug testing, medical examinations, and travel related thereto,

1   except for any obligation for the payment of back wages expressly and specifically provided in

2   this Settlement.  Plaintiffs further agree and promise, on behalf of themselves and the class

3   described in Section II, above, not to file any charge, claim, or action of any sort relating to the

4   released claims, except to the extent necessary to enforce this Settlement.

5        This Settlement represents, among other things, the compromise and settlement of

6   disputed claims between the parties and neither the agreements given nor any consideration for

7   the agreements are intended to be or may they be deemed or construed to be an admission of

8   liability.

9        X.      Attorneys' Fees and Litigation Expenses

10       Defendant will pay Plaintiffs' counsel the sum of thirty thousand dollars ($30,000.00) in

11  full and complete satisfaction of any claims for attorneys' fees, costs or litigation expenses in

12  respect of the matters released herein, including but not limited to fees, costs and expenses

13  incurred from the beginning of Plaintiffs' counsel's work on this matter  through final

14  implementation of this Settlement.  Said amount shall be paid within __ calendar days after final

15  approval of this Settlement by the Court.

16       XI.     Execution In Counterparts

17       This Settlement may be executed in two or more counterparts, each of which shall be

18  deemed to be an original, but all of which shall be deemed to be an original, and all of which

19  taken together shall constitute one instrument.

20

21

22

23

24

25

26

27

28

Stipulation for Settlement                6
la-341297

1  XII.  <u>Jurisdiction Retained</u>

2  The Court shall retain jurisdiction over this action to enforce the terms of this Settlement.

3

4  For the Defendant

5  Dated: Dec - 28 , 1999

6  B. SCOTT SILVERMAN
   MORRISON & FOERSTER LLP

7

8  By: _____

9  B. Scott Silverman
   Attorneys for Defendant

10

11  For Plaintiffs

12  Dated: _____, 1999

12  ROBERT BONSALL
13  JASON RABINOWITZ
    BEESON, TAYER & BODINE

14

15  By:_____

16  Jason Rabinowitz
    Attorneys for Plaintiffs

17

18  IT IS HEREBY ORDERED that the Settlement set forth above is approved.

19

20  Dated:_____, 1999

20  _____

21  Honorable Oliver W. Wanger,
    United States District Judge

22

23

24

25

26

27

28

United States District Court
for the
Eastern District of California
April 11, 2000


* * CERTIFICATE OF SERVICE * *


1:98-cv-05557


Newell

   v.

Merced Trans

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on April 11, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.


Jason Rabinowitz               OWW/gl    DLB/dn
Beeson Tayer and Bodine
1001 Sixth Street
Suite 500
Sacramento, CA  95814

B Scott Silverman
Morrison and Foerster
555 West Fifth Street
Suite 3500
Los Angeles, CA  90013-1024


Jack L. Wagner, Clerk

BY: _____
    Deputy Clerk